## In re OVERSTREET.

(District Court, S. D. Florida. April 14, 1920.)

Bankruptcy ⇐415(½)—Application to vacate order dismissing petition for discharge denied for laches.

An application to vacate an order dismissing a petition by an involuntary bankrupt for discharge, made nine years after the filing of the petition for discharge and five years after the making of the order dismissing it, will be denied for laches, where the bankrupt waited for over three years after learning of the dismissal without taking any action.

In Bankruptcy. Proceeding against W. S. Overstreet. On petition for vacation of an order dismissing the petition for discharge. Petition denied.

Fred B. Noble, of Jacksonville, Fla., for bankrupt.
R. H. Rowe, of Madison, Fla., for certain creditors.

CALL, District Judge. On November 24, 1919, petition was presented to the judge of this court praying that an order dismissing the petition for discharge, made July 14, 1914, be vacated, and petition for discharge be reinstated. A short chronological statement of the facts shown by the record in the clerk's office is as follows:

March 30, 1909, certain creditors filed an involuntary petition in bankruptcy against the petitioner, W. S. Overstreet. April 20, 1909, adjudication in bankruptcy and reference made. March 23, 1910, petition for discharge was filed by the bankrupt. April 30, 1910, specifications of objection were filed by certain creditors. June 6, 1914, the referee filed his record in the case, closing up the case, and showing payment of dividends to creditors.

The act of bankruptcy alleged in creditor's petition was that within four months, while insolvent, the debtor delivered to his brother, brother-in-law, and two other persons, known as the Southern Salvage Company, nearly all of his entire stock of goods, in fraud of his creditors. This stock, together with the stock in possession of the debtor, was taken possession of by the trustee, and sold under order, and the proceeds paid to the creditors in dividends, less the costs of the bankruptcy proceedings.

The excuse for the long delay in taking any action by the bankrupt is that the attorney representing him was taken ill in 1912, and after a protracted illness died in the latter part of that year; that he did not learn of such death until the year 1916. Thus, after the lapse of five years since the making of the order dismissing the petition for discharge, and nine years after the filing of the same, and specifications of objections to such discharge, this court is asked to vacate the order dismissing the application for discharge.

I am inclined to think that the making of the order was error, and that, upon appeal, such order would have been reversed; but no such action was taken, nor was any application made to the court to vacate same after the bankrupt became aware of it, until the expiration of more than three years. It seems to me that the existence of such laches

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the part of an involuntary bankrupt does not recommend the petition to the favorable consideration of the court, admitting for the moment—which I do not decide—that the court has the authority to go back five years and correct errors in proceedings in bankruptcy.

Petition will therefore be denied.